

FILED
MAR 30 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| REBECCA KRONINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1898-HU |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FEDEX CORPORATE SERVICES, INC. | ) | |
| and JENNAFER MARCHETTI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Matthew C. Ellis
Dennis Steinman
Kell, Alterman & Runstein, LLP
520 SW Yamhill, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Laura T.Z. Montgomery
Gleaves, Swearingen, Potter & Scott, LLP
975 Oak Street, Suite 800
Eugene, Oregon 97401

Page 1 - ORDER

Keith R. Thomas
Federal Express Corporation
3620 Hacks Cross Road, Bldg. B, 2nd Floor
Memphis, Tennessee 38125

    Attorneys for Defendant

KING, Judge:

The Honorable Dennis J. Hubel, United States Magistrate Judge, filed Findings and Recommendation on February 18, 2009. Both plaintiff and defendants filed timely objections to the Findings and Recommendation.

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a de novo determination of that portion of the magistrate's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). This court has, therefore, given de novo review to the rulings of Magistrate Judge Hubel.

This court ADOPTS the Findings and Recommendation of Magistrate Judge Hubel dated February 18, 2009 in its entirety with one exception: the court grants summary judgment and dismisses the Oregon Family Leave Act ("OFLA") claim but changes the analysis concerning ORS 659A.183.

The OFLA has a retaliation cause of action: "It is an unlawful employment practice for a covered employer to [r]etaliate or in any way discriminate against an individual . . . because the individual has inquired about the provisions of [OFLA], submitted a request for family leave or invoked any provision of [OFLA]." ORS 659A.183(2). I have previously analyzed the OFLA

Page 2 - ORDER

retaliation claim using the burden-shifting analysis as in the FMLA opposition claim, with the protected activity here being the taking of family leave. I still believe that this is the correct analysis. Plaintiff, however, has failed to show that a genuine factual issue exists that the reason defendants give for her termination is a pretext for retaliation based on taking the OFLA leave. Consequently, I grant summary judgment and dismiss the OFLA retaliation claim.

Defendants' Motion for Summary Judgment (#43) is granted and I dismiss the OFLA claims and the intentional infliction of emotional distress claim. The motion is denied with respect to the affirmative defense to sexual harassment claims under Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998), the retaliation claims under Title VII and ORS 659A.030, and the wrongful discharge claim.

IT IS SO ORDERED.

Dated this ____30th____ day of March, 2009.

_____
Garr M. King
United States District Judge